IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON LYDELL TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-166 |
| | ) | |
| CHARLES B. WEBSTER DETENTION | ) | |
| CENTER'S FOOD SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, currently detained at the Charles B. Webster Detention Center in Augusta, Georgia, filed his complaint pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

The only defendant named by Plaintiff in his complaint is the Charles B. Webster Detention Center's Food Services.  (Doc. no. 1, pp. 1-2.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 4, 2021, Plaintiff suffered from diarrhea, heavy bleeding, and hemorrhoids after being served "unclean and nutrient" food by Defendant.  (Id. at 5.)  Plaintiff filed a grievance through the jail administration and was given diarrhea pills, hemorrhoid ointment, Dibucaine

Topic, and anesthetic Mucolex.  (Id. at 7.)   However, Plaintiff describes the response to his situation as runaround and unsatisfactory.  (Id.)  For relief, Plaintiff seeks $200,000.00 in damages. (Id. at 5.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked

2

assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    The Jail Is Not Subject to Liability in a § 1983 Suit

Plaintiff is suing the food services department of a county jail. The jail and its departments are not proper parties because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as

3

being capable to sue") (quotations omitted).

Thus, Plaintiff fails to state a claim upon which relief can be granted because he sued the food services department of a county jail.

### 3.   Plaintiff Fails to State a Valid Claim for Conditions of Confinement

Even if Plaintiff had sued a proper defendant, his complaint still fails to state a claim. "[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (per curiam).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (per curiam); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (per curiam). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)). Any physical injuries suffered must be more than de minimis. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1313 (11th Cir. 2002).

4

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff has not shown prison conditions were sufficiently serious to support a claim. "Isolated incidents" of unsanitary food are "rarely serious enough to constitute a violation of the Eighth Amendment." Gordon v. Wilcher, No. CV 416-252, 2016 WL 7911910, at *2 (S.D. Ga. Dec. 21, 2016), adopted by, 2017 WL 279821 (S.D. Ga. Jan. 20, 2017). While certainly unpleasant, Plaintiff's diarrhea and hemorrhoids, standing alone, are not more than de minimis injuries for the purposes of an Eighth Amendment claim. Walsh v. Jeff Davis Cty., No. CV 210-075, 2012 WL 12952564, at *16 n. 19 (S.D. Ga. Mar. 29, 2012), aff'd, 489 F. App'x 389 (11th Cir. 2012); see also Watkins v. Trinity Serv. Grp. Inc., No. 8:05-CV-1142, 2006 WL 3408176, at *4 (M.D. Fla. Nov. 27, 2006) (diarrhea, vomits, and cramps from food poisoning are de minimis physical injuries). Even so, nowhere does Plaintiff allege Defendant had the necessary culpable state of mind to know the food it served Plaintiff put him at risk. The complaint names only one instance of food-caused illness. Plaintiff does not allege, for example, a history of complaints or illnesses that might show subjective knowledge and disregard of some issue. Therefore, Plaintiff fails to state a valid Eighth Amendment claim based on the prison's food quality.

### 4.    Plaintiff Fails to State a Valid Deliberate Indifference Claim

To the extent Plaintiff is attempting to state a deliberate indifference claim due to the medical treatment he received for his diarrhea and hemorrhoids, the claim fails.  To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege:  (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (*per curiam*).

To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  To satisfy the subjective component that a defendant was deliberately indifferent to his serious medical need, Plaintiff must allege that person:  (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Melton, 841 F.3d at 1223.

In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).  Thus, mere allegations of negligence or malpractice do not amount to deliberate

6

indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris, 941 F.2d at 1505; see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (per curiam) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim).  Medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.  Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Neither does a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment.  Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989); Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (per curiam).  That is, deliberate indifference cannot be shown simply by arguing that an inmate wanted a different type of treatment.  Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . .").  "The question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment."  Butler v. Prison Health Servs., Inc., 294 F. App'x 497, 499 (11th Cir. 2008) (per curiam) (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995)).

Here, Plaintiff states he is receiving medical care and only argues that the jail's response has been runaround and unsatisfactory.  Plaintiff does not specifically allege the named Defendant is actually responsible for providing his medical care or state how the care provided

is inadequate or nonpreferred.  For those reasons, and because there is no allegation that the care received has even been negligent, let alone grossly incompetent, Plaintiff fails to state an Eighth Amendment claim based on deliberate indifference to medical needs.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of December, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA